## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JUANITA GREY,**

      **Plaintiff,**

**v.**                                                    **CASE NO.: 8:15-cv-856-T-23AEP**

**TAMPA POLICE DEPARTMENT,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Plaintiff Juanita Grey originally filed a complaint (Dkt. No. 1) brining several claims against the Tampa Police Department alleging harms resulting from an allegedly erroneous police report.  (Dkt. No. 1.)  For the following reasons, I recommend that Plaintiff's construed motion to proceed *in forma pauperis* (Dkt. No. 2) be denied and Plaintiff's complaint be dismissed without prejudice.

### I.  Standard

In considering requests to proceed *in forma pauperis*, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor.  28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful," "delusional," or "lack[] an arguable basis either in law or in fact."  *Neitzke*

*v. Williams*, 490 U.S. 319, 325-28 (1989); *see Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 Fed. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory (citation omitted)).  Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process.  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).  Further, dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Leonard v. FBI*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In reviewing the complaint, the Court holds *pro se* pleadings to a less stringent standard and therefore construes the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)).  Although courts afford liberal construction to pro se litigants' pleadings, litigants appearing pro se must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("And

although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (citation and internal quotation marks omitted)).

## II.  Analysis

As an initial matter, I note Plaintiff's history of filing frivolous and deficient complaints in this tribunal.  *See Grey v. Willis et al.*, No. 8:13-cv-1492, Dkt. Nos. 3, 8-9; *Grey v. Hartford Casualty Insurance Co.*, No. 8:13-cv-2826, Dkt. Nos. 9-10.

Plaintiff's complaint in this instance is, likewise, a rambling, disjointed pleading with regard to her claims against the Defendant.  And, although Plaintiff as a *pro se* litigant is entitled to have her complaint construed liberally, *e.g.*, *Tannenbaum*, 148 F.3d at 1263, nevertheless, she must still comply with the procedural rules governing the proper form of pleadings such as Rules 8 and 10 of the Federal Rules of Civil Procedure.  *See Washington v. Bauer*, 149 Fed. Appx. 867, 869-70 (11th Cir. 2005) (unpublished).

The instant complaint fails to meet this bar on several grounds.  First, the complaint contains no statement regarding grounds for the Court's jurisdiction and no clear prayer for relief.  Even assuming subject-matter jurisdiction is proper pursuant to a claim under 42 U.S.C.A. § 1983, the complaint appears to allege four years of lost pay, but it is unclear as pled how that allegation is causally connected with the alleged erroneous police report. Moreover, it is unclear if the alleged erroneous police report arose from a conversion Plaintiff had regarding alleged police harassment in her neighborhood, or whether Plaintiff intends to plead a separate additional claim of police harassment.  Plaintiff's pleading, therefore, fails to meet the tightened requirements of Federal Rule of Civil Procedure 8 with respect to § 1983 claims, *see, e.g., Keating v. City of Miami*, 598 F.3d 753, 763 (11th Cir. 2010), fails to state a

claim that is plausible on its face, *see Iqbal*, 556 U.S. at 678, and, as written, lacks an arguable basis in law and fact.  *See Neitzke*, 490 U.S. at 325-28.

Finally, Plaintiff's Affidavit of Indigency (Dkt. No. 2) is patently deficient. Certain sections of the form are incomplete, others are unclear, and the form is unsigned.  The Court thus lacks the information necessary to determine indigency and waive the filing fee.

### III.  Conclusion

In light of the deficiencies laid out above, Plaintiff's construed motion should be denied and her complaint should be dismissed.  Accordingly, after due consideration, it is hereby

RECOMMENDED:

1.  Plaintiff's construed motion to proceed *in forma pauperis* (Dkt. No. 2) be DENIED and Plaintiff's complaint (Dkt. No. 1) be DISMISSED WITHOUT PREJUDICE with leave to amend.

2.  The Clerk is directed to mail a copy of this Report and Recommendation to Plaintiff.

**IT IS SO REPORTED** in Tampa, Florida, this 11th day of May, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).

cc:
Hon. Steven D. Merryday
Plaintiff, *pro se*
Counsel of Record